UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHRYSTAL DAWN PACK
MARY JO SMITH

    Plaintiffs,

V.                                            CIVIL ACTION NO.

AUTO BANK, INC.

    Defendant.

                                                  OCTOBER 27, 2014

## COMPLAINT

### FIRST COUNT:   VIOLATION OF THE TRUTH IN LENDING ACT

1. This is an action for damages for violation of The Truth in Lending Act, 15 U.S.C. § 1601 et seq., ("TILA") and for violation of the Maryland Consumer Protection Act. § 13-105 et seq., and for violation of COMAR 11.12.01.15A and violation UCC Article 9 § 610 & 611.

   2.  Jurisdiction is conferred on this Court by 15 U.S.C. § 1640 and 28 U.S.C. §§ 1331 and 1367.

3.  Plaintiff Pack is a resident of Glen Burnie, State of Maryland and plaintiff Smith is a resident of Essex, State of Maryland.

4.  Defendant Auto Bank Inc.  hereinafter (" Auto Bank") is a Domestic Corporation acting under the laws of the State of Maryland, with a place of business at 1002 Eastern Blvd, Baltimore, MD 21221.

5. At all times herein, defendant in the ordinary course of business regularly extended consumer credit that was payable in more than four installments.

6. Defendant is a creditor within the meaning of 15 U.S.C. § 1601, et seq. and regulations promulgated hereunder.

7. On or about December 31, 2013, plaintiffs entered into a consumer credit transaction with Auto Bank for the purchase of a car for personal, family or household use to wit: a 2005 Ford Freestar "The Vehicle or Vehicle"), Exhibit 1.

8. The purpose of the TILA is to provide meaningful disclosures of credit terms so that the consumer will be able to compare more readily the various terms available to them, 15 U.S.C. § 1601(a).

9. Meaningful disclosure means accurate and intelligible disclosures. *Bizler v. Globe Fin. Servs., Inc.* 654 F.2d (1ST Cir. 1981).

10. Auto Bank disclosed on the Retail Installment Sales Contract ("RISC") Exhibit1 that plaintiffs made a $1,100.00 down payment. That disclosure was not accurate, in fact, plaintiffs made a down payment of $700.00 see Exhibit 2, down payment made on December 31, 2013. Computer print-out shows $400.00 and $300.00, receipt #49142 reflects a total payment of $700.00).

11. Auto Bank, in addition to executing a RISC with plaintiffs, executed another document known as "Promissory Note", that stated they would pay an additional $100.00 to defendant on January 8, 2014; $100.00 on January 15, 2014, $100 on January 22, 2014 and $100.00 on January 24, 2014 at Fourteen (14%) Percent interest, Exhibit 3, as part of

the initial down payment. See Exhibit 3 and 4.

12. Auto Bank's stand alone agreement Exhibit 3 is illegal and unenforceable in Maryland. When defendant attempted to make it part of a transaction involving the RISC for the sale of used car by a licensed Maryland Dealer it violated Md Commercial Law 12-604 and COMAR § 11.12.0115(A) by failing to include it in the RISC as part of the terms of the Down Payment Agreement and thereby stated an inaccurate down payment on the RISC.

> "An installment sales agreement shall be evidenced by an instrument
>  In writing which contains all of the agreements of the parties. It shall
>  Be signed by all parties before the seller delivers to the buyer any of the
>  Goods covered by the agreement."

13. It appears on the RISC, Exhibit 1, that the payments are to be made weekly in the sum of $89.00 times 143 payments, equals $12,727 plus the 144th payment in the sum of $54.30 for the total payment of $12,781.30 which sum agrees with the Total of Payment as written on the RISC in the Federal Boxes.

14. The Promissory Note, Exhibit 3, better known as "Pickup Payments" states that the plaintiffs owe an additional $400.00 for the down payment at Fourteen (14%) Percent that was due in four payments beginning January 8, 2014 and ending January 24, 2014.

15. Accepting Exhibit 3 as true and correct and accepting Exhibit 1 as true and correct, then the Down Payment on the RISC is inaccurate.

16. Auto Bank violated TILA and Reg. Z § 1026.2(a)(18) when its Promissory Note, "Pickup Payments" Exhibit 3 was subject to a "Finance Charge", in this transaction

the interest rate is Fourteen (14%) Percent.

17. Auto Bank violated TILA and Reg. Z § 1026.2(a)(18) since the "pickup payments," the deferred portion of the down payment, were payable later than the due date of the second regularly scheduled payment and were subject to a finance charge.

18. Auto Bank violated TILA and Reg. Z §1026.2(a)(17) when it failed to disclose the deferred down payment Exhibit as part of the amount financed in the primary transaction, the RISC, Exhibit 1.

19. Auto Bank overcharged plaintiffs an additional $24.00 for Maryland Sales Tax when it wrote on the RISC that plaintiffs' down payment was $1,100.00 instead of the correct down payment of $700.00.

20. Since Auto Bank failed to disclose the correct down payment then the Annual Percentage Rate, Finance Charge was all inaccurate in violation of TILA.

21. Plaintiffs have suffered monetary loss and inconvenience as a result of defendant's actions.

**SECOND COUNT:   VIOLATION OF COMAR § 11.12.01.15(A) AND**
**                              Md COMMERCIAL LAW ANNOTATED § 12-604**

22. The allegations of Count One are repeated as if fully set forth herein.

23. Auto Bank sold the Vehicle to plaintiffs, and when they was unable to pay cash for the vehicle it prepared a RISC to finance it and plaintiff s made a $700.00 cash down payment and defendant wrote on that contract plaintiffs made a down payment of $1,100.00.

24. During the same transaction Auto Bank prepared a stand-alone document

know as a "Promissory Note", Exhibit 3 that stated plaintiffs would pay defendant $100.00 on January 8, 2014; $100.00 on January15, 2014; $100.00 on January 22, 2014 and $100.00 on January 24, 2014 at Fourteen (14%) Percent Interest.

25. Auto Bank violated COMAR § 11.12.01.15(A) and Md Commercial Law Annotated § 12-604 when it attempted to take the stand-along Down Payment Agreement and make it part of the RISC.

26. COMAR § 11.12.01.15(A) states "every vehicle sales contract or agreement shall be evidenced by an instrument in writing containing all of the agreement of the parties." The RISC was that Instrument, the separately promulgated and executed "Down Payment Agreement" is not.

27. As a result of Auto Bank's actions plaintiffs has suffered monetary damages.

**THIRD COUNT:  VIOLATION OF § 9-610**

28. The allegations of Count One and Count Two are repeated as if fully set forth herein.

29. Auto Bank installed a type of electronic car disabling device in The Vehicle and it disabled plaintiff's Vehicle on or about September 19, 2014 while it was in the repair shop.

30. Auto Bank rendered The Vehicle unusable for the plaintiff and that was a constructive repossession. See *Avery v. Chrysler Credit Corp.* 391 s.e.2D 410 (Ga. Ct. App.1990), (repossession occurred when creditor asserted control over car in repair shop, even though creditor never took physical possession of it).

31. Auto Bank breached the terms of RISC, Exhibit 1,¶12 on September 19, 2014 when it constructively repossessed The Vehicle as that paragraph reads "Delinquency

Charges: Seller may collect, and Buyer hereby agrees to pay in the event any instrument shall not have been paid within 10 days after it becomes due, delinquency charges in the amount of 5% of the delinquent installment or $5.00, whichever is less, plus such expenses incurred by Seller in effecting collection hereunder as me be allowed by law." as plaintiffs had 10 days to cure the alleged default.

33. Since the RISA provides 10 days to cure a default, Auto Bank used the electronic disablement on The Vehicle at a time it was not legally entitled to repossession, and violated Article 9 of the UCC.

34. On an unknown date in October 2014, plaintiff Pack received an undated letter via U.S. Mail from Auto Bank informing her The Vehicle would be sold a public sale on October 6, 2014.

35. Plaintiff Smith did not receive a notice of when a sale would be held for The Vehicle.

34.  As a result of Auto Bank's actions plaintiffs have suffered monetary damages.

**COUNT FOUR:  VIOLATION OF § 9-611 UNIFORM COMMERCIAL CODE.**

35. The allegations of Count One through Court Three are repeated as if fully set forth herein.

36.   Section 9-611(2) of the UCC requires secured parties such as Auto Bank send a "reasonable authenticated notification" of disposition of collateral.

    a. Auto Bank failed to send notice to debtors Chrystal D. Pack and Mary Jo Smith.

   b. Based on information and belief, Auto Bank did not contact a public sale of The Vehicle on October 21, 2014 nor did it notify plaintiffs of cancellation or future date of the sale.

 37.  The Notice of Sales sent to plaintiff Pack, only, violated §9-611 in that Auto Bank failed to provide reasonable notice of disposition of collateral to the plaintiffs.

 38. As a result of Auto Bank's acts plaintiffs have been damaged and suffered economic losses to be proven at trial.

## COUNT FIVE:   VIOLATION OF THE MARYLAND CONSUMER PROTECTION ACT.

 39.  The allegations of Count One through Count Four are repeated as if fully set forth herein.

 40.  Auto Bank committed one or more unfair or deceptive acts or practices in violation of the Md. Consumer Protection Act including but not limited to failing to disclose to plaintiffs accurate financial terms of the transaction:

 41.  The allegations of Count One are repeated as if fully set forth herein as they relate to each and every paragraph pertaining the TILA; pertaining to the inaccurate down payment; pertaining to the inaccurate terms within the Promissory Note.

 42. The allegations of Count Two are repeated as to each and every paragraph pertaining to Comar and Md. § 12-604 and pertaining to inaccurate statements in the Promissory Note and violations of Comar and § 12-604.

 43. The Allegations of Count Three and Count Four are repeated as to each and

every paragraph pertaining to the repossession of plaintiffs Vehicle.

44. Auto Bank is a merchant under the Act and the action is a Consumer Transaction".

45. Auto Bank committed one or more unfair or deceptive acts or practices in violation of the Md. Consumer Protection Act including but not limited to failing to disclose to plaintiffs accurate financial terms of the transaction:

46. Plaintiffs have suffered damages as a result of defendant's actions.

WHEREFORE, it is respectfully prayed that this Court:

1. Award plaintiffs statutory damages of $2,000.00, actual damages, Compensatory damages, costs and a reasonable attorney fee on Count I.

2. Award plaintiffs statutory damages, actual damages, costs and reasonable attorney fees on Count II.

3. Award plaintiff s statutory damages, actual damages, costs including waiving any alleged deficiency and reasonable attorney fees on Count III.

4. Award plaintiffs statutory damages, actual damages, costs, including waiving any alleged deficiency and reasonable attorney fees on Court IV.

5. Award plaintiffs statutory damages, actual damages, cost, including waiving any alleged deficiency and reasonable attorney fees on Count V.

6. Award such other or further relief, as the Court deems just or equitable.


                THE PLAINTIFFS

BY/S/Bernard T. Kennedy
   Bernard T. Kennedy, Esquire
   The Kennedy Law Firm
   34 Roger Street, Suite A
   Blairsville, GA 30512
   (706) 400- 2650
   (443) 440-6372 Fax
   bernardtkennedy@yahoo.com